# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1227V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JAMES DANIEL PARLETTE,  \*
                                     \*
       Petitioner,  \*  Filed: June 15, 2018
                                     \*
v.                                   \*
                                     \*  Entitlement; Influenza Vaccine;
SECRETARY OF HEALTH   \*  Guillain-Barre Syndrome ("GBS");
AND HUMAN SERVICES,   \*  Conceded.
                                     \*
       Respondent.  \*
                                     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Scott William Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Althea Walker Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### RULING FINDING ENTITLEMENT[1]

On September 11, 2017, James Parlette filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccination on September 18, 2014. *Id.*

In his Rule 4(c) Report, Respondent acknowledged that the Petitioner's claim is compensable as a Table injury under the Act. *See* Respondent's Rule 4(c) Report, dated June 14, 2018 (ECF No. 34). Respondent specifically stated that medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services, have reviewed the petition

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

2

and accompanying documents filed in this case, as well as the relevant medical records, and Respondent has concluded that Petitioner satisfied the criteria set forth in the Table. *Id.* at 8. Respondent concedes that the evidence shows that Petitioner suffered from GBS as a result of the flu vaccine, and that onset occurred within the appropriate timeframe. *Id.* Respondent therefore concludes that Petitioner is entitled to an award of damages. *Id.*

In view of Respondent's concession, and based on my own review of the record (*see* § 300aa-13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). A separate damages order will be issued shortly.

Any questions may be directed to my law clerk, Cate Rodgers, at (202) 357-6345.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master