# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1227
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JAMES DANIEL PARLETTE, | \* |
| Petitioner, | \*    Special Master Corcoran |
| v. | \* |
| | \*    Damages; Decision by Proffer; |
| SECRETARY OF HEALTH AND | \*    Influenza ("Flu") Vaccine; |
| HUMAN SERVICES, | \*    Guillain-Barré Syndrome ("GBS"). |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Scott William Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Althea Walker Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 11, 2017, James Parlette filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of his September 18, 2014 influenza ("flu") vaccination. *Id.* at 1–2. In his Rule 4(c) Report, Respondent did not dispute that Petitioner suffered GBS subsequent to receipt of the flu vaccine within the requisite time period for a Table claim. Resp. Rule 4(c) Rep. at 8, ECF No. 34. Acknowledging that Petitioner has satisfied all Vaccine Act requirements for a Table injury, Respondent conceded that Petitioner is entitled to compensation. *Id.* In light of this concession and my own review of the record, I issued an

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Entitlement Decision on June 15, 2018, finding that Petitioner is entitled to a damages award. Ruling Finding Entitlement, ECF No. 35.

After roughly two months of damages discussions, the parties have now filed a proffer indicating their agreement on an appropriate award of damages. *See* Proffer, ECF No. 39.

The proffer proposes:

- A lump sum payment of $85,000.00, in the form of a check payable to Petitioner.

*Id.* at 2. This amount represents compensation for all damages under Section 15(a) of the Act to which Petitioner is entitled.

I approve a Vaccine Program award in the amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.