# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1227V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JAMES DANIEL PARLETTE,               *
                                     *        Special Master Corcoran
              Petitioner,             *
                                     *        Dated: December 27, 2018
v.                                   *
                                     *        Attorney's Fees and Costs.
                                     *
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
              Respondent.             *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Scott William Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Althea Walker Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEYS' FEES AND COSTS[1]

On September 11, 2017, James Parlette filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza vaccine on September 18, 2014. Pet. at 1 (ECF No. 1). On June 14, 2018, Respondent filed his Rule 4(c) Report, in which he acknowledged that Petitioner had satisfied the elements for a Table claim. ECF No. 34. I subsequently issued a ruling finding entitlement to compensation, along with an order directing

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the parties to resolve damages. ECF No. 35; ECF No. 36. Respondent made a proffer on August 31, 2018 (ECF No. 39), which I found to be reasonable and adopted as my decision awarding damages on September 7, 2018. ECF No. 40.

Having received no interim award of attorney's fees and costs, Petitioner now requests a final award of fees and costs, in the total sum of $9,625.45 (reflecting $8,146.00 in attorney's fees, plus $1,479.45 in costs). *See* Motion, dated November 27, 2018 (ECF No. 43). Respondent reacted to Petitioner's Motion on December 11, 2018, representing that the statutory and other legal requirements for an award of attorneys' fees and costs had been met, and otherwise deferring the calculation of a reasonable final award to my discretion. Response at 2–3 (ECF No. 44). At my direction, Petitioner has also filed additional documentation substantiating some of the requested costs. *See* Ex. 9 (ECF No. 47).

## ANALYSIS

I.   **Attorney's Fees Award**

All requests for attorney's fees must be "reasonable" in terms of rates requested and work performed. Section 15(e)(1). Vaccine Program fees awards are calculated using the lodestar method, in which the special master "multipl[ies] the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Special masters may adjust the award as necessary, either by modifying the elements of the lodestar formula or through a *post hoc* adjustment of the resulting figure. *Id.* at 1348. Petitioners bear the burden of showing that both the requested hourly rates and the hours expended are reasonable. *See Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *3, *23 (Fed. Cl. Spec. Mstr. July 27, 2009).

Petitioner requests reimbursement for work done by his attorney, Mr. Rooney, as well as an individual identified in the Motion only as "LA/A." *See generally* Motion Ex. 1. Mr. Rooney billed at an hourly rate of $350.00 for his work in this case, which began in October 2017. Motion at 1; Motion Ex. 1 at 1. Petitioner asserts that this rate has been "approved by other courts" for Mr. Rooney, but provides no specific examples (in Vaccine Program decisions or otherwise). Motion at 1. I note, however, that Mr. Rooney was recently awarded in another Program case $300.00 per hour for work performed in 2017, and $350.00 per hour for work in 2018. *Thomas v. Sec'y of Health & Human Servs.*, No. 14-966V, 2018 WL 5725184, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018).[3]

---

[3] Although Mr. Rooney has not established that he is entitled to in-forum rates as set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), I find his requested rates reasonable in light of his experience. My decision to award the rate requested for 2018 does not constitute a formal determination that he should generally receive a forum rate in all cases.

In the interest of consistency, I will similarly reduce Mr. Rooney's rate to $300.00 for work performed in 2017, but will otherwise award him the $350 requested. The unidentified "LA/A" is likely a legal assistant, and this individual billed at a rate of $60.00 per hour for both 2017 and 2018. *See generally* Motion Ex. 1. I find that rate to be reasonable and will not modify it.

I otherwise find the numbers of hours expended by Petitioner's counsel and his paralegal to be reasonable. Applying Mr. Rooney's reduced rate for 2017, I will award **$7,801.00** in attorney's and paralegal fees, a reduction of **$345.00**.

## II.  Costs Award

In addition to demonstrating that the requested attorney's fees are reasonable, Vaccine Program petitioners must also demonstrate the reasonableness of requested costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable costs may include, *inter alia*, expenses incurred to obtain medical records, copying and postage costs, and expert costs. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). In exercising their substantial discretion, other special masters have declined to award costs that are not appropriately substantiated. *See, e.g.*, *Hirmiz v. Sec'y of Health & Human Servs.*, No. 06-371V, 2017 WL 4277433, at *12 (Fed. Cl. Spec. Mstr. Aug. 29, 2017); *Mostovoy v. Sec'y of Health & Human Servs.*, No. X, 2016 WL 720969, at *16–17 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). However, special masters may elect to award unsubstantiated costs if they appear reasonable and necessary to the prosecution of a petitioner's claim. *See Rodriguez*, 2009 WL 2568468, at *21–22.

Petitioner requests reimbursement of $1,479.45 for costs incurred in this matter. Motion at 2. Of this request, $536.57 was borne specifically by counsel for obtaining medical records, copying, faxing, scanning, and legal research (Motion Ex. 1 at 6–7), with the remaining $942.88 reflecting the cost of obtaining medical records, sending documents, and payment of the filing fee in this case. *See generally* Motion Ex. 2; Ex. 9.

Overall, the requested costs seem reasonable in terms of the nature of this case. Only $818.30 of Petitioner's costs (and none of the costs borne by Petitioner's counsel) have been substantiated with receipts or other documentation, but I find the costs requested to be sufficiently reasonable and necessary to the prosecution of Petitioner's claim. I will therefore award the requested costs in full, a sum of **$1,479.45**.[4]

---

[4] In the future, however, counsel will *not* be awarded costs that are not substantiated with invoices. The in-firm copying of documents by an attorney is more of an overhead expense than a third party charge properly submitted as a Vaccine Program cost.

Accordingly, in the exercise of the discretion afforded to me in determining final fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion, and award a total of **$9,280.45** in fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Scott W. Rooney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.